IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| CARL DICKERSON, CAROL JEAN MAYO THOMAS, a.k.a., CAROLYN J. THOMAS, DIMA, INC., and MAYO ACADEMY, INC., <br><br>    Plaintiffs, <br><br> v. <br><br> SUNTRUST BANKS, INC. and SUNTRUST BANK, <br><br>    Defendants/Third Party Plaintiffs. <br><br> JACK LEW, in his official capacity as Secretary of the United States Dept. of the Treasury, INTERNAL REVENUE SERVICE (IRS), as a Division of as an Agency of the United States Dept. of the Treasury, and JODIE L. PATTERSON, in her official capacity as Director of Return Integrity and Correspondence Services, Wage and Investment Division of the Internal Revenue Service, <br><br>    Third Party Defendants. | Civil Action No. 4:14-CV-194 (HL) |

**ORDER**

Before the Court is the Defendants' Motion to Amend their Third Party Complaint (Doc. 30) and the United States of America's Motion to Dismiss (Doc. 22). Following a hearing held on April 27, 2015, and upon careful consideration, the Court grants both motions.

**I.    BACKGROUND**

On June 17, 2014, Plaintiffs Carl Dickerson, Carol Jean Mayo Thomas, a.k.a. Carolyn J. Thomas, DIMA, Inc., and Mayo Academy, Inc. ("Plaintiffs") filed suit against Defendants SunTrust Banks, Inc. and SunTrust Bank ("SunTrust") in the State Court of Muscogee County, raising allegations of breach of contract, wrongful dishonor, conversion, intentional infliction of emotional distress, and violations of the Georgia Fair Business Practices Act, O.C.G.A. § 10-1-390 *et seq.*, and the Georgia RICO statute, O.C.G.A. § 16-4-1 *et seq.* Plaintiffs seek the recovery of $192,050.23, the balance of eleven bank accounts owned by Plaintiffs and closed by SunTrust in March 2012. SunTrust removed the case to this Court on July 18, 2014.

SunTrust closed Plaintiffs' bank accounts subsequent to receiving notification of an ongoing investigation by the Internal Revenue Service ("IRS"). Responding to the IRS's report that the accounts contained erroneous tax refunds from numerous tax payers, SunTrust remitted a portion of the funds to the IRS and froze the remaining accounts, denying Plaintiffs access. SunTrust alleges it acted in reliance on the IRS's agreement to indemnify SunTrust should SunTrust later be required to return any funds to Plaintiffs.

On July 31, 2014, SunTrust filed a Third Party Complaint against the IRS and two of its agents. The Third Party Complaint alleges that SunTrust is entitled to indemnification should the bank be required or compelled to pay Plaintiffs. The

United States of America ("United States") thereafter filed a Motion to Dismiss the Third Party Complaint along with a Counterclaim against both Plaintiffs and SunTrust to recover the alleged erroneous tax refunds deposited into the SunTrust accounts owned by Plaintiffs.

## II. ANALYSIS

### A. Motion to Amend

SunTrust's Third Party Complaint names as Third Party Defendants the IRS, Jack Lew, in his official capacity as the Secretary of the United States Department of the Treasury, and Jodi L. Patterson, in her official capacity as Director of Return Integrity and Correspondence Services, Wage, and Investment Division of the IRS. In partial response to the United States' Motion to Dismiss, SunTrust concedes that the United States is the proper party Defendant for SunTrust's Third Party Complaint and not the Treasury Department or the IRS. SunTrust thus seeks to amend the Third Party Complaint to effectuate this substitution. The motion is unopposed and shall be granted.

### B. Motion to Dismiss

The United States moves to dismiss SunTrust's Third Party Complaint for lack of subject matter jurisdiction. According to the United States, the Government has not waived sovereign immunity and therefore is not subject to suit. SunTrust counters, arguing that the United States waived its sovereign immunity under the Little Tucker Act, 28 U.S.C. § 1346; or, alternatively, impliedly

waived immunity by asserting its counterclaim against SunTrust, which amounts to a claim for recoupment.

### 1. Standard of Review

Federal courts are courts of limited jurisdiction, and the judicial authority of a federal court extends only to certain classes of cases or controversies. U.S. Const. Art. III, § 2. "If a dispute is not a proper case or controversy, the courts have no business deciding it, or expounding the law in the course of doing so." DamilerChrysler Corp. v. Cuno, 547 U.S. 332, 341 (2006) (citations omitted). A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). The motion may be based upon either a facial or factual challenge to the complaint. McElmurray v. Consol. Gov't of Augusta-Richmond Cty., 501 F.3d 1244, 1251 (11th Cir. 2007). In the case of a facial attack, "the plaintiff is left with safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised." Id. (quoting Williams v. Tucker, 645 F.2d 404, 412 (5th Cir. 1981)). The district court is required "merely to look and seek if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990) (quoting Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980)).

### 2.     Waiver of Sovereign Immunity

It is undisputed that "'[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.'" JBP Acquisitions, L.P. v. United States ex rel. FDIC, 224 F.3d 1260, 1263 (11th Cir. 2000) (quoting FDIC v. Meyer, 510 U.S. 471, 475 (1994)). A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." United States v. King, 395 U.S. 1, 4 (1969). "A question of sovereign immunity is a jurisdictional issue; without a statutory waiver, a district court has no jurisdiction to entertain suit against the United States." Brestle v. United States, 414 Fed. App'x 260, 263 (11th Cir. 2011) (citing United States v. Mitchell, 445 U.S. 535, 538 (1980)).

SunTrust alleges that the Court has subject matter jurisdiction over the Third Party Complaint under the Little Tucker Act, 28 U.S.C. § 1346. The Little Tucker Act is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." United States v. Testan, 424 U.S. 392, 398 (1976). The Act grants district courts "original jurisdiction, concurrent with the United States Court of Federal Claims, of . . . [a]ny . . . civil action or claim against the United States not exceeding $10,000 in amount, founded . . . upon any express or implied contract with the United States . . . in cases not sounding in tort." 28 U.S.C. § 1346(a)(2). As a result of enacting this provision, "Congress surrendered the sovereign immunity of the United States for claims based upon express or implied-in-fact contracts." Miller v. Auto

5

Craft Shop, 12 F.Supp. 2d 1220, 1224 (M.D. Ala. 1997) (citing Blanchard v. St. Paul Fire and Marine Ins. Co., 341 F.2d 351, 357-58 (5th Cir. 1965)).

The fatal flaw in SunTrust's reliance on the Little Tucker Act as a jurisdictional basis for the bank's claims against the United States is that SunTrust has alleged only that the indemnification agreement exists, not that the United States violated the alleged agreement. SunTrust contends solely that it is "entitled to be indemnified by the United States of America . . . for all amounts or sums which [SunTrust] . . . should be required or compelled to pay to the Plaintiffs pursuant to their claims alleged in the Complaint." (Doc. 7, ¶ 6). The purported indemnification agreement states, "If you must later provide to your account holder any funds returned to us under this letter, we will pay to you the amount that you return under this letter and also provide to your account holder." (Docs. 26-1, 26-3). Since SunTrust has alleged neither that the bank has been required to return the funds remitted to the IRS to Plaintiffs nor that the IRS has failed to fulfill its contractual obligation under the terms of the indemnification agreement, it cannot be said that a breach has occurred. Accordingly, SunTrust has not properly pled subject matter jurisdiction under the Little Tucker Act.

Alternatively, SunTrust asserts that the Court has subject matter jurisdiction over the Third Party Complaint because the United States waived sovereign immunity by filing their counterclaim, which SunTrust suggests effectively is a claim for recoupment. "The government merely by filing suit,

waives sovereign immunity as to recoupment claims." United States v. Amtreco, Inc., 790 F.Supp. 1576, 1582 (M.D. Ga. 1992) (citing Frederick v. United States, 386 F.2d 481 (5th Cir. 1967)). A recoupment claim "is the right of the defendant to have the plaintiff's monetary claim reduced by reason of some claim the defendant has against the plaintiff arising out of the very action giving rise to the plaintiff's claim." United States v. Ownbey Enter., Inc., 780 F.Supp. 817, 820 (N.D. Ga. 1991) (internal quotation and punctuation omitted). A proper recoupment claim entails three requirements: "First, the recoupment claim must arise out of the same transaction or occurrence which is the subject matter of the government's suit. Second, it must involve relief of the same kind and nature as that sought by the government. Third, it cannot exceed the amount of the government's claim." Amtreco, 790 F.Supp. at 1582 (internal quotations omitted).

In essence, "[a] claim in recoupment is a compulsory counterclaim and only entitles the defendant to a reduction in the amount owed to the plaintiff. Ownbey, 780 F.Supp. at 820 (citing Frederick, 386 F.2d at 488). A counterclaim is compulsory if it "arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim." Fed.R.Civ.P. 13(a). To determine whether the counterclaim arises out of the same transaction or occurrence, the court applies the "logical relationship" test. See Construction Aggregates, Ltd. v. Forest Commodities Corp., 147 F.3d 1334, 1337 n. 6 (11th Cir. 1998); Republic Health Corp. v. Lifemark Hospitals, 755 F.3d 1452, 1455 (11th Cir. 1985). Under

7

that test, a logical relationship exists when "the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant." See Plant v. Blazer Fin. Serv., 598 F.2d 1357, 1361 (5th Cir. 1979). This standard is flexible and permits a "braod realistic interpretation in the interest of avoiding a multiplicity of suits." Amtreco, 790 F.Supp. at 1580. In contrast, a counterclaim is permissive rather than compulsory if the Court must determine that there is an independent jurisdictional basis, such as a federal question or diversity jurisdiction, in order for the counterclaim to proceed. See East-Bibb Twiggs Neighborhood Assoc. v. Macon Bibb Planning & Zoning Comm'n, 888 F.2d 1576, 1578 (11th Cir. 1989).

Applying the logical relationship test to the facts presented in this case, the Court finds that the United States' claims do not arise out of the "same transaction or occurrence" as SunTrust's claims against the Government. The only commonality between the claims is that both relate in some fashion to the allegedly erroneous tax refunds deposited in Plaintiffs' accounts. However, the claims asserted by SunTrust revolve around a purported indemnification agreement between SunTrust and the United States involving sums SunTrust previously remitted to the IRS. As the Government notes, the enforcement of the indemnification agreement turns not on whether the refunds are in fact erroneous but on whether the Government ultimately will indemnify SunTrust should SunTrust be required to reimburse Plaintiffs for those sums. On the other hand,

the United States' counterclaim asserts claims arising under 26 U.S.C. § 7405 for the recovery of erroneous tax refunds that remain on deposit in Plaintiffs' SunTrust accounts, for which there is an independent jurisdictional basis under 26 U.S.C. § 7402 and 28 U.S.C. §§ 1340 and 1345.

Accordingly, the Court finds that the United States' counterclaim is not a proper recoupment claim, and the Government has not waived its sovereign immunity.

### 3.  United States' Counterclaim

In the course of the hearing on this motion, SunTrust intimated that should the Court dismiss its Third Party Complaint, the Court must also dismiss the United States' counterclaim. Generally, where a complaint is dismissed for lack of subject matter jurisdiction, a counterclaim stating no independent grounds of jurisdiction may likewise be dismissed. Nilsen v. City of Moss Point, Miss., 621 F.2d 117, 122 (5th Cir. 1980). However, where an independent jurisdictional basis exists, "'the court is not precluded from determining the merits of the counterclaim despite dismissal of the primary claim.'" Plant Food Sys., Inc. v. Foliar Nutrients, Inc., 2012 U.S. Dist. LEXIS 157630, at *31 (N.D. Fla. Oct. 3, 2012) (quoting Burns v. Rockwood Distrib. Co., 481 F.Supp. 841, 848 (N.D. Ill. 1979)). In order to survive dismissal, the counterclaim must satisfy three prerequisites: "'[j]urisdiction must exist within the scope of the allegations of the counterclaim; the claims made in the counterclaim must be independent of that

9

made in the main case; and, lastly, affirmative relief must be sought.'" Id. at *32 (quoting Manufacturers Cas. Ins. Co. v. Arapahoe Drilling Co., 267 F.2d 5, 8 (10th Cir. 1959).

Here, the United States' counterclaim states a clear independent jurisdictional basis. The United States shall be permitted to purse the counterclaim accordingly.

## III. CONCLUSION

For the foregoing reasons, the Court grants Defendants' Motion to Amend. (Doc. 30). The Clerk of Court is directed to file Defendants' Amended Third Party Complaint, attached as "Exhibit A" to the motion, and to substitute the United States for Jack Lew, in his official capacity as the Secretary of the United States Department of the Treasury, and the Internal Revenue Service, as a division or agency of the United States Department of the Treasury.

The Court further grants the United States' Motion to Dismiss Defendants' Third Party Complaint. (Doc. 22). The United States may proceed with its counterclaim.

**SO ORDERED** this 21st day of August, 2015.

*s/ Hugh Lawson*_____
**HUGH LAWSON, SENIOR JUDGE**

aks